TaliafbeRo, J.
The plaintiff entered into a written contract with the city for digging, widening, deepening and cleaning the draining canal known as St. Anthony’s canal, from Josephine to Humanity streets, according to the following specifications:
The canal to be dug so as to have a width of fifteen feet at tlie top and three feet at its bottom, and a depth of six feet. Tlve testimony *310 shows that after considerable progress had been made in the execution of the work, Surgi, then city surveyor, staked off that part of the canal extending from Marigny canal to the specified limit of the plaintiff’s work, so as to give the St. Anthony’s canal, from the Marigny canal, a width of twenty feet instead of fifteen, specified in the contract. The plaintiff swears that he was induced to do the additional work required to give the canal twenty feet of width from Marigny canal, upon the assurance of Surgi that he would be paid for it. The plaintiff performed the additional work indicated by Surgi, but received payment only for the quantity of work specified in the contract. He applied afterwards by petition to the City Council, after the death of Surgi, to be paid for the additional labor, but his claim was finally rejected. He thereupon brought this suit claiming $892 50, with interest, as the value of the extra work. The city avers payment in full to the plaintiff of the cost of the work contracted for, denies that any authority was given to any person to contract on the part of the city for extra work on the canal, and denies that the city surveyor had any power or right to alter the contract and specifications. In an amended answer the prescription of ODe year is pleaded in bar of the plaintiff’s action.
The judgment of the court below, rendered on the verdict of a jury, was in favor of the plaintiff for the amount claimed, and defendant has appealed.
It is clear the plaintiff has not established any legal liability upon the city to pay his demand. If, however, any ever had existed it is now released by the effect of prescription.
“ All actions for the enforcement of any contract entered into with the corporation of the city of New Orleans for work and labor to be performed, and for the recovery of any damages alleged to have arisen in favor of the contractors for any breach thereof on the part of the said corporation, shall be prescribed if not instituted within one year after the expiration of the time within which such contract is required to be performed, or such damages are alleged to have arisen.” Revised Statutes, section 2822.
By the contract under which the city was bound, the plaintiff was obligated to commence the work ten days after the approval by the City Council of the adjudication of the contract to him. The approval of the adjudication by the City Council was made on the twenty-fourth of April, 1869. Citation was served on the defendant in the present action on the third day of December, 1870, more than eighteen months having intervened.
It is therefore ordered that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendant, the plaintiff paying costs in both courts.